THOMAS J. LEWIS & another *vs.* AARON BROOKS, JR.

The provision in *St.* 1839, *c.* 121, § 1, that, in a suit by an indorsee against the maker of a promissory note payable on demand, " any matter shall be deemed a legal defence, and may be given in evidence accordingly, which would be a legal defence to a suit on the same note, if brought by the promisee," entitles the maker to set off, in such suit, a judgment recovered by him against the promisee.

ASSUMPSIT by the indorsees against the maker of the following note : " April 10 1842. For value received, I promise Erastus Clark to pay him, or his order, six hundred dollars, on demand, with interest.                    Aaron Brooks, Jr."

The defendant put on file this paper : " In this action, the defendant claims to be allowed the sum due him from one Erastus Clark upon a judgment rendered in favor of said Brooks against said Clark, at June term of the court of common pleas, held at Worcester, within and for the county of Worcester, 1842, for the sum of $685·09, damage, and costs of suit, $7·84." And he accordingly filed, in set-off, a copy of said judgment.

At the trial, in the court of common pleas, before *Williams,* C. J. the plaintiffs introduced the deposition of Erastus Clark, the payee of the note, who deposed to the following effect : That he, (said Clark,) in 1840, bought of Seth Caldwell a farm in Barre, for which he agreed to pay $9000 ; that he paid $1000, and gave his note for $8000, payable by instalments; that he applied to the defendant whom he owed $70, to lend him $600, which he wished to pay to said Caldwell; that the defendant, not having money, gave the deponent the note

now in suit, and the deponent gave the defendant a note for the same amount, and secured payment thereof, and of the $70 before due to the defendant, by a mortgage of the deponent's personal property ; that he offered the defendant's said note to Caldwell, who refused to receive it as payment of $600, and shortly afterwards sued the deponent and attached the property, which he had mortgaged, as aforesaid, to the defendant, and advertised it for sale ; that the defendant gave notice to Caldwell of said mortgage, before the day appointed for the said sale, but that a sale of part of said property was made, without payment of the defendant's demand for securing which it was mortgaged ; that Caldwell afterwards obtained judgment against the deponent, in the suit on which said attachment was made, and caused the residue of said attached property to be sold on execution ; that the defendant afterwards sued the deponent, and recovered judgment against him on the $600 note, and the $70 debt, for which said mortgage was given ; that the defendant afterwards told the deponent that he (the defendant) had sued Caldwell for taking the said mortgaged property, and that Caldwell had settled with him by paying the $70, and giving him an indemnity against his $600 note, now in suit ; that the deponent subsequently bought of Seth Holden, who was the agent of the plaintiffs, one undivided half of the right to make and sell, in the State of Illinois, a corn-planter, a machine invented by the plaintiffs, and gave to said Holden, in payment therefor, the said note now in suit, on receiving a deed of said right ; having first stated to said Holden the circumstances under which the deponent obtained the note.

The only question raised in the case was, whether the setoff could be allowed. The judge ruled that it could not, and directed a verdict for the plaintiffs for the amount of the note. To this ruling the defendant alleged exceptions.

*B. R. Curtis,* for the defendant. By *St.* 1839, *c.* 121, § 1, it is provided, that "in any action brought upon a promissory note payable on demand, by any indorsee against the promisor, any matter shall be deemed a legal defence, and may be given

in evidence accordingly, which would be a legal defence to a suit on the same note, if brought by the promisee." Set-off was a " defence," before this statute was passed. *Sargent* v. *Southgate,* 5 Pick. 312. *Ranger* v. *Cary,* 1 Met. 369. *Stowers* v. *Barnard,* 15 Pick. 221. Rev. Sts. *c.* 96, §§ 2, 3. The defendant asks for a strict application of the statute. The equities between the parties cannot come into discussion in this action.

*Peabody,* for the plaintiffs. The true question is not whether the set-off *can* be allowed, but whether it *ought* to be allowed. An enlarged construction of the law of set-off has been adopted, for the prevention of fraud, and to effect the purposes of justice, so that a debtor may not recover a judgment against his creditor. 1 Met. 375, 376. 5 Pick. 317. To allow the set-off filed in the case at bar would operate unjustly. The *St.* of 1839, *c.* 121, does not enlarge the right of set-off, but merely sanctions the previous decisions of the court. See *Baxter* v. *Little,* 6 Met. 7, and the commissioners' note to § 45 of *c.* 90 of their report.

HUBBARD, J. The only question in the present case is, whether the set-off can be allowed. This set-off is a judgment recovered, by the defendant, on a note given by the payee of the note now in suit. The note sued is payable on demand, and is within the purview of *St.* 1839, *c.* 121, § 1, on which the defendant relies. This statute is founded upon the principle of the law merchant, that he who takes a bill or note, after it is due, takes it subject to all the objections and equities to which it was liable in the hands of the person from whom he takes it; and the question is, whether this provision of the statute is to be restricted to a defence which is either payment or a technical bar to a recovery, or whether it is to receive a liberal construction, so that the defendant may avail himself of a defence in the nature of a set-off, which he could do if the original payee of the note was the plaintiff. It is enacted in the statute respecting set-off, (Rev. Sts. *c.* 96, §§ 1, 2, 4,) that " when there are mutual debts or demands between the plaintiff and defendant in any action, one demand may be

set off against the other," if such demands are "founded upon a judgment, or upon a contract;" it being a demand which "existed at the time of the commencement of the suit, and then belonged to the defendant."

It is obvious, therefore, that if Clark were the plaintiff in the present suit, the judgment recovered by the defendant against him, might be filed in set-off, as a defence to the action; and such set-off, though not literally a payment of the plaintiff's demand, nor a technical bar to it, would be received as equivalent thereto, and would prevent a recovery of judgment for damages by the plaintiff; admitting the amount of the judgment set off to be equal to the plaintiff's demand.

The statute of 1839, *c.* 121, like the Rev. Sts. *c.* 96, is remedial, and is to receive a liberal construction. And we think that any matter which would constitute a defence, by way of set-off, where the payee is plaintiff, may also be given in evidence by the promisor of a note payable on demand, when an indorsee is plaintiff; and this, whether such defence be made by showing payment, or by way of set-off; and that the words "legal defence" are not to be restricted to the case of payment or of a technical bar. That this construction should be given to the statute, we think may well be argued from the case of *Sargent* v. *Southgate,* 5 Pick. 312, in which it was held that a defendant might file in set-off a negotiable note made to him by the payee of the note in suit, before he had notice of its assignment; a defence which the court deemed both legal and equitable. The statute of 1839, *c.* 121, is, in effect, a legislative sanction of the doctrine maintained in that case. Applying, then, its principles to the present case, we are of opinion that the exceptions must be sustained, and a new trial granted, to let in the evidence. But we would intimate to the parties, that the facts stated in the deposition of Clark go far to prove a payment to Brooks of the note on which he has recovered judgment; and that, if the same has been paid to him, he cannot maintain this defence. In point of fact he appears to be acting for the benefit of a third person

*New trial granted.*